UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES BELL,<br><br>                    Plaintiff,<br><br>-against-<br><br>FAMILY DOLLAR STORE JANE,<br><br>                    Defendant. | 23-CV-5307 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action under the Americans With Disabilities Act (ADA), alleging that Defendant failed to reasonably accommodate his disability. By order dated June 26, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint. On June 12, 2023, Plaintiff, a Manhattan resident, entered the Family Dollar Store located at 226 Nagle Avenue in Manhattan. The aisles were "cluttered" with a "cart of inventory," and Plaintiff "was limited to get items . . . that [weren't] obstructed."[1] (ECF 1 ¶ III.) Plaintiff complained to the woman working at the checkout counter that the aisles should not "be obstructed according to ADA," but she became "offended," and "stated I leave store." (*Id.*) Plaintiff seeks $20,000 in money damages and "new management sensitivity classes for staff." (*Id.* ¶IV.)

---

[1] The Court quotes from the complaint verbatim. All grammar, punctuation, and spelling are in the original unless otherwise indicated.

## DISCUSSION

A.  **Title III ADA**

The Court construes Plaintiff complaint as asserting claims under Title III of the ADA, which applies to places of public accommodation, including retail establishments. 42 U.S.C. § 12181(7). Title III guarantees that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

To state a claim under Title III, a plaintiff must allege that: (1) he is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008). With respect to the third element, "a plaintiff can base a disability discrimination claim on any of 'three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation.'" *Brief v. Albert Einstein Coll. of Med.*, 423 F. App'x 88, 90 (2d Cir. 2011) (quoting *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009)).

Generally, the proper defendant in a claim under Title III is the entity. *See Harris v. Mills,* 572 F.3d 66, 72–73 (2d Cir. 2009) (holding that individuals can only be sued under the ADA in their official capacities for prospective injunctive relief). As to individual liability under Title III of the ADA, it has been held that " [t]he question of whether a person is a proper defendant . . . turns . . . on . . . whether the [individual] defendant owns, leases, or operates a place of public accommodation within the meaning of the ADA." *Doe v. NYSARC Trust Serv., Inc.*, No. 1:20-CV-0801, 2020 WL 5757478, at *5 (N.D.N.Y. Sept. 28, 2020) (internal quotation

marks and citation omitted), *report & recommendation adopted*, 2020 WL 7040982 (N.D.N.Y. Dec. 1, 2020).

1. **Intentional Discrimination/Disparate Treatment**

To state a claim for intentional discrimination, or disparate treatment, a plaintiff must allege facts suggesting "that animus against the protected group was a significant factor in the position taken" by defendants. *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 49 (2d Cir. 2002). This "significant factor" standard creates a "mixed-motive" theory of liability in which a plaintiff's disability need not be a but-for cause of a defendant's actions. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 336-37 (2d Cir. 2000). In other words, "the existence of additional factors causing an injury does not necessarily negate the fact that the defendant's wrong is also the legal cause of the injury," *Henrietta D. v. Bloomberg*, 331 F.3d 261, 278 (2d Cir. 2003) (citation omitted), so long as "the plaintiff can show that the disability was a substantial cause of the exclusion or denial . . . ." *Id.* at 291.

2. **Reasonable Accommodation**

To bring a reasonable accommodation claim, a plaintiff must show "(1) []he suffers from a disability (2) known to the defendant, for which (3) a reasonable accommodation is necessary for the plaintiff's enjoyment of the facility, and (4) the defendant refused the accommodation." *Lopez v. New York City Dep't of Homeless Servs.*, No. 17-CV-3014 (MKV) (OTW), 2019 WL 3531955, at *4 (S.D.N.Y. Aug. 2, 2019), *report and recommendation adopted*, 2019 WL 4593611 (S.D.N.Y. Sept. 23, 2019).

3. **Plaintiff's Allegations**

Here, Plaintiff does not allege sufficient facts to state a claim under the ADA. As a preliminary matter, Plaintiff does not allege that he is disabled as defined by the ADA. The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more

major life activities." 42 U.S.C. § 12102(1)(A). Plaintiff does not identify any physical condition from which he suffers that limits one or more major life activities, and thus he does not establish that he is disabled for ADA purposes, § 12102(2)(A).

Next, the complaint does not state a claim for intentional discrimination because it does not suggest that any disability was a motivating or substantial factor in how Defendant responded to him. Plaintiff simply alleges that a cart was blocking an aisle or aisles in the store, which made it difficult for Plaintiff to reach certain items, that Plaintiff referred to the ADA when he told the person at the register that he had been unable to reach some items because an inventory cart had blocked the aisle, and that the person working at the register became "offended" and possibly asked him to leave. On these facts, Plaintiff has failed to show that Defendant discriminated against him because of his disability, which is a requirement to state a claim under Title III. *See Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008) ("Title III of the ADA provides that '[n]o individual shall be discriminated against *on the basis of disability* in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.'" (quoting 42 U.S.C. § 12182(a))) (emphasis added).[2]

Finally, Plaintiff names the cashier who responded negatively to him when he invoked the ADA as the sole defendant, but there is no indication that she is a proper defendant under the ADA. The Court grants Plaintiff leave to file an amended complaint, should he wish to do so, naming the store rather than an individual employee, and to provide sufficient facts to state a claim under the ADA.

---

[2] Title III of the ADA allows only for injunctive relief, not monetary damages. *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451 (E.D.N.Y. 2015) (citing *Brief v. Albert Einstein Coll. of Medicine,* 423 F. App'x 88, 90 (2d Cir. 2011). Plaintiff therefore cannot obtain damages in connection with his claims, only injunctive relief.

**B.     Claims under State Law**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). It is not clear at this stage that Plaintiff can state a claim falling within the court's original jurisdiction. The Court will determine at a later stage whether it will exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**C.     Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 60 days' leave to amend his complaint to replead his ADA claim.

If Plaintiff repleads his ADA claim, he must allege facts suggesting that (1) he has a disability as defined by the ADA; (2) Defendant owns, leases, or operates a place of public accommodation; and (3) Defendant discriminated against Plaintiff within the meaning of the ADA. Because the ADA does not provide for money damages, Plaintiff must also state the injunctive relief he is seeking.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-5307 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 7, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

_____
_____
_____

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

I. **BASIS FOR JURISDICTION**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

A. **If you checked Federal Question**

Which of your federal constitutional or federal statutory rights have been violated?

_____
_____
_____
_____

B. **If you checked Diversity of Citizenship**

   1. **Citizenship of the parties**

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
                  (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name          Middle Initial          Last Name

_____
Street Address

_____
County, City                         State               Zip Code

_____
Telephone Number                     Email Address (if available)

Page 3

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
First Name                Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                State               Zip Code

Defendant 2: _____
First Name                Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                State               Zip Code

Defendant 3: _____
First Name                Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                State               Zip Code

Defendant 4: _____
                First Name                Last Name

                _____
                Current Job Title (or other identifying information)

                _____
                Current Work Address (or other address where defendant may be served)

                _____
                County, City              State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

### V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

Street Address

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.