UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES BELL,

               Plaintiff,

-against-

FAMILY DOLLAR JANE DOE,

               Defendant.

23-CV-5307 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed the original complaint commencing this action alleging that Defendant violated his rights. By order dated August 7, 2023, the Court granted Plaintiff leave to file an amended complaint to address deficiencies in his original complaint. Plaintiff filed an amended complaint on August 18, 2023, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND AND DISCUSSION

The following facts are drawn from the original complaint. On June 12, 2023, Plaintiff, a Manhattan resident, entered the Family Dollar Store located at 226 Nagle Avenue in Manhattan. The aisles were "cluttered" with a "cart of inventory," and Plaintiff "was limited to get items . . . that [weren't] obstructed."[1] (ECF 1 ¶ III.) Plaintiff complained to the woman working at the checkout counter that the aisles should not "be obstructed according to ADA [Americans With Disabilities Act]," but she became "offended," and "started I leave store." (*Id.*) Plaintiff, in his original complaint, sought $20,000 in money damages and "new management sensitivity classes for staff." (*Id.* ¶ IV.)

---

[1] The Court quotes from the complaint verbatim. All grammar, punctuation, and spelling are in the original unless otherwise indicated.

In its August 7, 2023 order, the Court construed the original complaint as asserting a claim under Title III of the ADA, which applies to places of public accommodation, including retail establishments. *See* 42 U.S.C. § 12181(7). The Court directed Plaintiff to amend his complaint for the following reasons: (1) Plaintiff did not allege that he is disabled as defined by the ADA; (2) there were no facts in the complaint suggesting that any disability was a motivating or substantial factor in how Defendant responded to him; (3) there was no indication that "Family Dollar Jane Doe" was a proper defendant under the ADA; and (4) damages were not an available remedy under Title III of the ADA.

The amended complaint that Plaintiff filed on August 18, 2023 is virtually identical to the original complaint. It does not contain any additional facts giving rise to an inference that any defendant discriminated against Plaintiff or failed to reasonably accommodate him due to a disability; he again names "Family Dollar Store Jane" as the only defendant; and he seeks damages. In short, the amended complaint does not remedy the deficiencies from which the original complaint suffered. The amended complaint therefore fails to state an ADA claim for the same reasons set forth in the August 7, 2023 order to amend.

**FURTHER LEAVE TO AMEND DENIED**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend and has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it does not appear that the defects in Plaintiff's amended complaint can be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated: August 28, 2023
        New York, New York

           /s/ Laura Taylor Swain
           LAURA TAYLOR SWAIN
           Chief United States District Judge